DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JULIE D. GARCIA (CABN 288624)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102-3495
    Telephone: (415) 436-6758
    FAX: (415) 436-7234
    Julie.Garcia@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIO CESAR VIERA-CHIRINOS, <br>    a/k/a "Chino," <br><br> Defendant. | CASE NO.: CR 19-367 CRB EDL-4 <br><br> [PROPOSED] ORDER DETAINING DEFENDANT JULIO CESAR VIERA-CHIRINOS PRIOR TO TRIAL |

On July 30, 2019, defendant Julio Cesar Viera-Chirinos was charged in a criminal complaint with distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Case No. 19-71156 TSH. On August 8, 2019, a grand jury returned an indictment charging Mr. Viera-Chirinos with the same offense. *See* Case No. 19-367 CRB. The defendant was arraigned on August 19, 2019, and on the same day the matter came before this Court for a detention hearing. The defendant was present and represented by Karen McConville, Esq.

Pretrial Services submitted a report that recommended detention based on risk of flight. A representative of Pretrial Services was also present at the hearing. The Government moved for detention, and the defendant opposed. The parties submitted proffers and arguments.

Upon consideration of the Pretrial Services report, the court file, and the parties' proffers at the detention hearing, the Court finds by a preponderance of the evidence that, at least at this time, there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required. Accordingly, the Court orders the defendant detained pending trial.

This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(i).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

In considering the Pretrial Services report, the court file, and the party proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions can reasonably assure the defendant's appearance as required.

First, Mr. Viera-Chirinos has very strong connections to Honduras. His two minor children and those children's mother, with whom Mr. Viera-Chirinos said he was in a romantic relationship, still live there. Mr. Viera-Chirinos's parents also live in Honduras, and he told Pretrial Services that he speaks with them frequently. Mr. Viera-Chirinos also has a valid Honduran passport.

By contrast, Mr. Viera-Chirinos does not have strong ties to the United States. He has been in the country without authorization for about four years. He has no employment history or assets. He listed no family in the United States other than his co-defendants in this case.

Additionally, the government presented evidence to suggest that the defendant made misrepresentations to Pretrial Services about his connections to this district. For example, the defendant

told Pretrial Services that he had been living with his brother "Jorge" in a residence on McArthur Boulevard in Oakland for about a year, up until about a week prior to his arrest. The government proffered that "Jorge" is Mr. Viera-Chirinos's brother and co-defendant Jorge Alberto Viera-Chirinos, and that the DEA's investigation has shown that Jorge was living in San Jose prior to his arrest, not in Oakland. The government also proffered that the residence on McArthur Boulevard is a "redistributor house" that the drug-trafficking organization (DTO) alleged to be headed by Mr. Viera-Chirinos's brother and co-defendant Eduardo Viera-Chirinos ("Eduardo") used to house street-level drug dealers working for the DTO.

As another example, Mr. Viera-Chirinos told Pretrial Services that he had not been in touch with Eduardo and another brother Victor (also a co-defendant in this case) for some time, but the government proffered that intercepted calls over Victor's and Eduardo's phones, as well as over a phone used by Jorge Enrique Torres-Viera ("Enrique"), show that in late July 2019, in the days leading up to Mr. Viera-Chirinos's arrest, Eduardo, Victor, and Enrique were discussing obtaining "work," a code word for drugs, from "Chino," which is the defendant's moniker. The government further proffered that the intercepted calls showed that, contrary to his representations to Pretrial Services, Mr. Viera-Chirinos had spoken directly to these co-defendants as recently as July 2019, and that on some of those calls he appeared to be discussing receiving more than $10,000 in connection with a suspected drug transaction.

The Court is also concerned that the defendant has no viable sureties. Mr. Viera-Chirinos's girlfriend offered to sign an unsecured bond; however, the proposed surety is not in the country legally, has no assets with which to secure a bond, and has an income of $1500 per month, making her effectively judgment-proof if the defendant were to flee.

Mr. Viera-Chirinos's lack of viable sureties is particularly concerning in light of evidence proffered by the government that Mr. Viera-Chirinos was engaged in drug distribution while on probation from a state offense, which suggests that the defendant cannot be trusted to abide by court orders or to refrain from committing new crimes if released.

Given the nature of the crimes as alleged, as well as the history and characteristics of the defendant, the Court determines that, on the record before it, there is no condition or combination of

[PROPOSED] ORDER DETAINING DEFENDANT JULIO CESAR VIERA-CHIRINOS PRIOR TO TRIAL
CR 19-367 WHA EDL-4

conditions of release that can reasonably assure the defendant's appearance as required. Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

~~August~~ Sept 3, 2019

_____
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge

[PROPOSED] ORDER DETAINING DEFENDANT JULIO CESAR VIERA-CHIRINOS PRIOR TO TRIAL
CR 19-367 WHA EDL-4