KAREN MCCONVILLE, SBN 269234
24 Professional Center Parkway, Suite 240
San Francisco, California 94903
Tel: 415-786-7806

Attorney for
Julio Cesar Viera-Chirinos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-19-0637 WHA |
| Plaintiff, | **SENTENCING MEMORANDUM** |
| v. | |
| JULIO CESAR VIERA-CHIRINOS, | Date: December 18, 2019<br>Time: 1:30pm |
| Defendant. | Courtroom: The Hon. Judge Charles R. Breyer |

Defendant, Julio Cesar Viera-Chirinos, through his attorney Karen McConville, submits this Sentencing Memorandum for the court's consideration in connection with Mr. Viera-Chirinos sentencing.  Defendant requests that the court impose a sentence of time served.

To support this request, defendant submits argument and authority to support his objections to the Sentencing Guidelines calculations in the Presentence Report.  Defendant also provides the court with a history of Mr. Viera Chirinos's life, which is included in the argument regarding the factors indicating that a below guidelines sentence is appropriate under 8 U.S.C. section 3553.

-1-

DEFENDANT JULIO CESAR VIERA-CHIRINOS
SENETENCING MEMORANDUM

1

2

3

4

5

In addition, Defendant submits a statement to the court written by Mr. Viera-Chirinos personally.  In that statement, Mr. Viera-Chirinos expresses remorse for his conduct. Mr. Viera-Chirinos' personal statement to the court is attached as Exhibit A. Defendant also submits family photos attached as Exhibit B.

6

## 1.     INTRODUCTION

7

8

Mr. Viera-Chirinos has reviewed the Presentence Report ["PSR"] and has objections to its content and the imprisonment recommendation of 12 months and one day.

9

10

11

12

Mr. Viera-Chirinos disagrees with the Sentencing Guidelines calculations in the PSR and, for the purposes of this memorandum, highlights the objections which erroneously lead to a total offense level for guideline purposes of 13.  Additionally, Mr. Viera-Chirinos argues that a downward variance is appropriate under 8 U.S.C. section 3553.

13

14

## 2.     OBJECTIONS TO THE GUIDELINE CALCULATIONS

15

16

17

18

19

Mr. Viera-Chirinos objects to the probation officer's assessment that he does not qualify for any role adjustments and the conclusion he was not substantially less culpable than his codefendants. *PSR* ¶12. The Probation Officer's conclusion ignores that Mr. Viera-Chirinos is the exception in this case. He is the only defendant charged in Count 3, a lesser charge in comparison to the charges faced by the other codefendants, who face mandatory minimum sentences.

20

21

22

23

24

25

26

Mr. Viera-Chirinos was found in personal possession of 0.3 grams of cocaine. In another individuals' bedroom of his home the heroin was located. Other codefendants in this case were found in possession of large quantities of drugs. Specifically, a residence which codefendants Eduardo Viera-Chirinos and Karen Castro Torres frequented, was found to contain approximately 1173.7 grams of methamphetamine, 718.6 grams of heroin, 467 grams of cocaine base, 168.9 grams of cocaine powder and $73,118 in cash. This indicates a distributor level of culpability.

27

28

DEFENDANT JULIO CESAR VIERA-CHIRINOS
SENTENCING MEMORANDUM

Calls intercepted in discovery also indicate that Mr. Viera-Chirinos codefendants set up "redistributor houses" to house multiple individuals where they could deliver drugs. Mr. Viera-Chirinos was not involved in this.

The PSR indicates that Mr. Viera-Chirinos role in the offense was that of a street-level dealer not a distributor. *PSR* ¶12. That is true. In the notes to §3B1.2(3)(A) for mitigating role it states:

> "A defendant who is accountable under §1B1.3 (Relevant Conduct) *only for the conduct in which the defendant personally was involved* and who performs a limited function in the criminal activity may receive an adjustment under this guideline. For example, a defendant who is convicted of a drug trafficking offense, whose *participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored* may receive an adjustment under this guideline."

(*Emphasis Added*)

Mr. Viera-Chirinos fits the definition of mitigating role as a street-level dealer. He performed a limited function in the criminal activity in storing drugs at his residence and is only accountable for the quantity of drugs he personally stored. Furthermore, he fits the role of minimal participant:

> "Minimal Participant.—Subsection (a) applies to a defendant described in Application Note 3(A) who plays a minimal role in the criminal activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, *the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant*."

§3B1.2 Note 4, (*emphasis added*).

Mr. Viera-Chirinos did not know of the wider conspiracy being spearheaded by his codefendants. Particularly so, as he was not on speaking terms with his brother, Eduardo Viera-Chirinos, and thus could not have known of the scope and nature of the Drug Trafficking

1  Organization (DTO) law enforcement were investigating as it pertained to him and the other

2  codefendants charged.

3  **3.      GUIDELINE CALCULATIONS**

4

5  Based on the above objections the offense level computation would be computed as

6  follows:

7

8      a.   Base Offense Level: (U.S.S.G. §2D1.1(c)(12))                    16

       b.   Mitigating Role Reduction: (U.S.S.G. §3E1.2(a)                 -4

9           Minimal Participant

10     c.   Acceptance of Responsibility: U.S.S.G. §3E1.1(b)               -2

11     d.   Adjusted Offense Level:                                        10

12     e.   Criminal History Category:                                     I

13     f.   Total Offense Level:                                    6-12 months

14

15  **4.   A SENTENCE NO MORE THAN TIME SERVED IS APPROPRIATE UNDER**
      **FACTORS IN 18 U.S.C. § 3553(a).**
16

17  The factors in 18 U.S.C. section 3553(a) favor a sentence of time served.  As the Supreme

18  Court clarified in *Gall v. United States*, while the Guidelines are the starting point in determining

19  an appropriate sentence, the judge should consider all relevant section 3553(a) factors.  *Gall,*

20  *supra,* 169 L.Ed.2d 445, 457; 128 S.Ct. 586, 596 (2007).  "In doing so, [the district judge] may

21  not presume that the Guidelines range is reasonable.  He must make an individualized assessment

22  based on the facts presented."  *Ibid.* [internal citations omitted].   The court's mandate is to

23  "impose a sentence sufficient, but not greater than necessary, to comply with" the basic aim of

24  sentencing.  18. U.S.C. § 3553(a).

25

26  Mr. Viera-Chirinos has been in continuous custody since July 31, 2019. *PSR* Pg.1. When

27  he was originally arrested upon the execution of the search warrant on June 5, 2018, he was held

28  DEFENDANT JULIO CESAR VIERA-CHIRINOS
    SENTENCING MEMORANDUM
                                              -4-

in state custody for approximately 30 days before he was released. The state case was subsequently dismissed in favor of federal prosecution. As of the date of sentencing he will have served 4 months and 18 days or 140 days in federal custody for a total of approximately 5 months 18 days 170 days. A sentence of time served would squarely fulfill the aims of sentencing.

**A. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1).**

One factor to be considered under section 3553(a) in determining an appropriate sentence is the nature and circumstances of the offense. Mr. Viera-Chirinos was charged in one count of a three-count indictment with possession with intent to distribute heroin. He plead guilty to aiding and abetting another individual's possession of the heroin seized when a search warrant was executed at his residence on June 5, 2018.

Mr. Viera-Chirinos was not charged in nor involved in the activities of his co-defendant's that were involved in a much larger conspiracy to distribute cocaine, methamphetamine and heroin over a two-year period. Mr. Viera-Chirinos was surveilled on only two occasions in that two-year investigation which involved the Drug Enforcement Agency (DEA), San Francisco Police Department (SFPD) and the Richmond Police Department (RPD) receiving two small bags of drugs containing a white or light-colored substance from a Black Honda Accord outside his residence.

Mr. Viera Chirinos is a self-admitted abuser of cocaine and admitted that his drug use was a factor in the commission of this offense. He sought drug counselling services after his arrest in 2015. On the day officers executed a search warrant at his home they found in Mr. Viera-Chirinos in possession of cocaine. Mr. Viera-Chirinos clearly has a substance abuse problem that he has never received adequate help with.

The 31.4 grams of heroin found at his residence were attributed to Mr. Viera-Chirinos and he

has accepted responsibility for that amount. The nature and circumstances of this offense are not so egregious that a sentence beyond time served is necessary and would be unduly punitive given the nature of the offense.

A. **The History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1).**

Mr. Viera-Chirinos has no prior criminal convictions and only one arrest from August 2015 involving the possession of a small quantity of cocaine. As explained above Mr. Viera-Chirinos has struggled with an addiction to cocaine since coming to the United States. In addition to his struggles with cocaine he suffers from diabetes and requires daily medication and a special diet. Before coming the United States, he lived a much simpler life in Honduras growing up on the family farm with his parents and six siblings. In his early 20s he was in a relationship with Lily Dorres and together they had two children, Danielle (age 15) and a Miguel (14). *See* Exhibit C. When the relationship ended, Mr. Viera-Chirinos, sought a fresh start in the United States where two of his brothers had also relocated to.

Mr. Viera-Chirinos remains in constant contact with his children and parents in Honduras and has continued that contact during his incarceration. His mother has been ill as of late and will soon undergo amputation of her leg. Mr. Viera-Chirinos is very close to his mother and is greatly anguished that he cannot be there for her in her time of need.  His partner, Wendy Sandre, whom he met in the U.S has been a constant support for Mr. Viera-Chirinos during his incarceration and has ensured the communication lines have remained open with his family. She has been at every court appearance and was willing to act as a surety for bail. Mr. Viera-Chirinos was only in the U.S. for four years before his arrest and will be deported upon service of his sentence. He will likely also serve some additionally time in ICE custody before deportation.

Mr. Viera-Chirinos disagrees with the PSR's conclusion there are not any factors that would

DEFENDANT JULIO CESAR VIERA-CHIRINOS
SENTENCING MEMORANDUM
-6-

warrant a departure from the applicable sentencing guideline range. *PSR* ¶69 and 70. The nature

and circumstances of the offense and the history and characteristic of the defendant all support a

departure from the applicable sentencing guideline range under 18 U.S.C. § 3553, specifically:

- his family ties and responsibilities in Honduras;
- his drug dependency;
- the fact that he is a non-violent offender;
- his physical/medical condition diagnosis of diabetes;
- his remorsefulness; and
- his early plea in this case accepting responsibility.

B. **Deterrence Value of the Sentence and Protection of the Public from Future Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(B) and (C).**

Mr. Viera-Chirinos when released, is unlikely to pose a future threat to the community.

He has no propensity for violence and will be deported to Honduras upon service of his sentence.

## CONCLUSION

This court should impose a sentence that is sufficient, but not greater than necessary, to

comply with the basic aims of sentencing.  Given Mr. Viera-Chirinos minimal criminal record,

the nature and circumstances of the offense, his self-admitted substance abuse problems and his

almost certain deportation a sentence of time served is requested.

Dated: 12.11.19

Respectfully submitted,

By: _____/s/_____
       Karen McConville
       Attorney for Julio Cesar Viera-Chirinos

DEFENDANT JULIO CESAR VIERA-CHIRINOS
SENTENCING MEMORANDUM

-7-